(69 App. Div. 258.)

HALLETT v. METROPOLITAN MESSENGER CO. et al.

(Supreme Court, Appellate Division, First Department.    February 14, 1902.)

1. CORPORATIONS — STOCKHOLDERS — STATUTORY LIABILITY—UNPAID SUBSCRIP-
    TIONS—FORM OF ACTION.
       Laws 1892, c. 688, § 54, provides that the stockholders of every cor-
    poration shall be personally liable to its creditors to an amount equal
    to the amount of the stock held by them, respectively, for every debt
    of the corporation, until the whole amount of its capital stock outstand-
    ing at the time such debt was incurred shall have been fully paid.    An
    action was begun under this section, but only seeking to charge liability
    against certain stockholders for the amount of their unpaid subscrip-
    tions for the par value of the stock.    *Held* that, as a larger liability
    could have been enforced than that sought to be established, the form
    of the action was not erroneous.

2. SAME—LIMIT OF INDEBTEDNESS—COMMERCIAL DEBTS—ATTORNEY'S FEES.
       Under Laws 1892, c. 688, § 54, providing that the stockholders of every
    corporation shall be personally liable to its creditors for every debt of
    the corporation, etc., the liability is not limited to commercial debts,
    but extends to a liability for the professional services of an attorney.

3. SAME—INCURRING INDEBTEDNESS—DATE.
       An action was begun under Laws 1892, c. 688, § 54, to recover on a
    judgment for attorney's fees, and it appeared that at the time the at-
    torney was retained the stock then issued had been fully paid, but the
    attorney's services were actually performed during a period prior to the
    close of which stock was issued which was not fully paid.    *Held* that,
    as the services were not completely performed until after the stock
    issue, the debt was not incurred until that time.

4. SAME—ISSUANCE OF STOCK—CERTIFICATE—REMAINING IN STOCK BOOK.
       Stock, the certificates of which were filled out in the name of a person
    recognized as a stockholder, but at his request allowed to remain in the
    stock book, was "issued and outstanding," within the statute.

5. SAME—PERSONAL DEFENSE.
       The fact that this stock remained in the stock book was no defense
    as to other stockholders whose stock was regularly issued.

6. SAME—ISSUANCE OF STOCK—VALIDITY—NOTICE—LAPSE OF TIME.
       Under Stock Corporation Law, §§ 44, 45, providing that an increase
    in capital stock must be authorized by a vote of the stockholders own-
    ing at least a majority of the stock, at a·meeting specially called for
    that purpose after due notice published, and mailed to each stockholder
    at least three weeks before the meeting at which the increase is voted;
    and section 38, providing that such notice and lapse of time may be
    dispensed with, and the action of the corporation authorized by the
    written consent of every member of the corporation, waiving such re-
    quirements,—an additional stock issue is valid, though the requirements
    as to notice and lapse of time are not complied with, if a waiver of
    such requirements is authorized by every member in his certificate.

7. SAME—PERSONAL JUDGMENT—EQUITABLE ACTION.
       In an equitable action to enforce stockholders' liability under Laws
    1892, c. 688, § 54, a personal judgment against all of defendant stock-
    holders for the full amount of plaintiff's claim is improper, where there
    are other creditors of the corporation; any judgment recovered in such
    an action properly inuring to the benefit of all creditors.

8. SAME—DISSOLUTION OF CORPORATION—FORM OF ACTION.
       Code Civ. Proc. §§ 1790–1792, authorizing an action by a creditor of a
    corporation against individual stockholders, and the recovery of a per-
    sonal judgment therein, relate to actions for the dissolution of a corpora-
    tion, and do not authorize a personal judgment for the full amount of
    plaintiff's debt in an equitable action under Laws 1892, c. 688, § 54.

Appeal from special term, New York county.

·640     74 NEW YORK SUPPLEMENT    (Sup. Ct.

and 108 New York State Reporter

Action by Frederick T. Hallett against the Metropolitan Messenger Company and others. From a judgment in favor of plaintiff (72 N. Y. Supp. 370), Philip M. Knight and another, defendants, appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

David Thornton, for appellants.

Ira G. Darrin, for respondent.

HATCH, J. This is an action in equity brought by the plaintiff, as assignee of Ira G. Darrin, who had performed certain professional services as an attorney and counselor at law for the defendant the Metropolitan Messenger Company, a corporation duly organized under the laws of the state of New York. Payment for such services not having been made, the plaintiff recovered judgment thereon, which was duly entered in the office of the clerk of the county of Queens, and by transcript such judgment was duly filed and docketed in the office of the clerk of the county of New York,—that being the principal place of business of the corporation,—and· execution was duly issued thereon to the sheriff of the last-named county, and was returned wholly unsatisfied. Prior to the rendition of such· judgment, the said corporation made a general assignment for the benefit of its creditors. The action is predicated upon the provisions of the first paragraph of section 54 of the stock corporation law, as it existed prior to the amendment of such section in 1901. So far as is essential for the disposition of the present controversy, the section in question provides as follows:

"The stockholders of every stock corporation shall, jointly and severally, be personally liable to its creditors to an amount equal to the amount of the stock held by them respectively, for every debt of the corporation, until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid."

By the provision of this section, liability is created against every stockholder, according to the amount of his holdings, so long as any of the stock of the corporation issued and outstanding shall not have been fully paid. This action, however, does not proceed upon such theory, as it only seeks to charge liability against certain named stockholders to recover for the amount of their unpaid subscriptions for the par value of the stock. This seems to be the limited liability provided by the amendment to section 54 made by chapter 354 of the Laws of 1901. As, however, the larger liability resting upon stockholders prior to the amendment of 1901 necessarily embraced the liability which has been established in this action, no error can be predicated thereon; for, under the proof, the defendants might have been charged with a much larger sum. The appellants, however, claim to be relieved from liability by reason of other considerations, the first of which is that plaintiff's assignor was not a creditor, within the meaning of the statute; that such liability is limited in application to those commonly known as "commercial debts." No such limitation is found in the provisions of the statute, and its language, "every debt of the corporation," would seem to include every species of obli-

gation on what could be termed a "debt," and which could be enforced against the corporation. An obligation incurred by a corporation for the rendition of professional services is a debt, in the strict sense of the term, and may be enforced by the same remedies by which commercial debts are enforced. We have never heard it before asserted that such an obligation was not a debt.

The court found, and the evidence sustains the finding, that five of the stockholders held stock in the corporation for which they had not fully paid, and judgment was awarded against them in varying amounts. It is claimed that the testimony fails to support the findings of the court in this respect. The argument in support of such claim is built up by the assumption that the services of the plaintiff's assignor, out of which the debt arose or was created, were rendered on the 1st day of March, 1898, at which time all of the stock of the corporation, then limited in amount to $10,000, so far as issued, had been fully prepaid, and that the stock which has been made the basis of liability in this case was all issued after the debt was incurred. One of the difficulties with this contention is that the assumption is not supported by the facts. The retainer of plaintiff's assignor was on the 1st day of March, 1898, as assumed; but the service which created the debt was performed between that date and the 1st day of January, 1899, and this covered the period of the issue of the stock to these defendants. Consequently the debt sued upon, so far as appears, was not completely incurred until the last-named date. This contention, therefore, must fail.

It is further claimed that the proof is insufficient to sustain the finding that the stock was in fact issued. This claim is based upon the proof that some of the stock was never removed from the corporation stock book, but was permitted to remain therein, and was not delivered to the defendants. The proof does show that some of the certificates of stock, viz., that issued to Blackburn, which remained in the stock book, filled out in his name, but remaining therein, were so issued to enable him to become a director in the corporation; but it also appears that it was requested by Blackburn that such stock be allowed to remain in that form, in order to create a pool, and to enable him more readily and conveniently to make use of the same. It is clear from the proof that he could at any moment have possessed himself of these certificates of stock, in consequence of which, in legal contemplation, such stock was issued, and he was the owner and holder thereof. If it were otherwise, however, these appellants would not be aided. The defendant for whom this objection would be available has not appealed from the judgment, and whether that stock remained unissued or not creates no limitation upon the liability of the present appellants. So far as they are concerned, the stock was actually issued and the certificates thereof delivered to them, so that they may not be heard to urge such objection.

In February, 1897, the capital stock of the corporation was increased from ten to sixty thousand dollars. These appellants now claim that this issue of stock was illegal, on account of a failure to comply with the law authorizing the increase. By the provisions of the stock corporation law existing at the time when this increase

was made, it was required that it must be authorized by a vote of the stockholders owning at least a majority of the stock, taken at a meeting specially called for that purpose. Notice of the time, place, and object of the meeting was required to be published once a week for at least two successive weeks in a newspaper, and a copy of such notice duly mailed to each stockholder at least three weeks before the meeting. Sections 44, 45. By section 38, however, such notice and lapse of time could be dispensed with, and the action of the corporation authorized by a consent in writing, signed by every member of the corporation, waiving such requirements. By the certificate which was introduced in evidence, it appeared that compliance was had with the last provision, and waiver of notice and the lapse of time were authorized by every member of the corporation. The issue, therefore, so far as appears from this record, was legal. Every fact which was required as a condition precedent to the maintenance of this action was fulfilled, and the plaintiff, upon the proof, was entitled to recover a judgment. He was permitted, however, to recover a personal judgment against each of the defendant stockholders for the full amount of his judgment against the corporation, with costs and interest, and execution was awarded to him thereon. While the plaintiff was entitled to a judgment, the court was not authorized to award the judgment which has been rendered in this action. The personal liability created against the stockholders by virtue of the provisions of the stock corporation law is so created for the security of creditors, and upon the dissolution or insolvency of the corporation this liability is treated as an asset of the corporation for the benefit of all the creditors. Weeks v. Love, 50 N. Y. 568. By virtue of the provisions of the stock corporation law, a creditor has an election of remedies: He may bring his action at law against any or all the stockholders, and enforce liability against them, without regard to other creditors of the corporation, or he may bring an action in equity, and, resorting to the latter form of action, it inures to the benefit of all creditors similarly situated. Mathez v. Neidig, 72 N. Y. 100. In a proper action brought to recover from the stockholders, and for an accounting and marshaling of all the assets of the corporation and liabilities of stockholders, actions at law at the instance of individual creditors may be restrained until the judgment for the accounting be had, and the distribution made between all the creditors entitled thereto. Pfohl v. Simpson, 74 N. Y. 137. In a case where the liability of the stockholders and assets of the corporation are insufficient to pay the debts of the corporation, such disposition of the controversies ought to be made. The liability of the stockholders being limited, they can only be made to pay once to the extent of their liability, and, the creditors being equal, they are equitably entitled to share therein; and, when an equitable action is brought for such purpose, a recovery therein inures not alone to the benefit of the creditor bringing the action, but of all creditors similarly situated. "It was evidently not intended by the provisions of this statute that one creditor should be preferred and paid to the detriment of other creditors, but that the stockholders should be responsible equally and ratably for all of the debts of the corporation

to the extent of their capital stock at par value." Hirshfeld v. Fitzgerald, 157 N. Y. 179, 51 N. E. 997, 46 L. R. A. 839. See, also, Marshall v. Sherman, 148 N. Y. 21, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654. The proof in this case shows that there was at least one other judgment creditor of the corporation at the time when this judgment was rendered. He, equally with the plaintiff in the action, is entitled to share in the money secured by the judgment.

It has been said, however,—and the judgment of the learned trial court proceeded upon such view,—that this action is governed by sections 1790, 1791, and 1792 of the Code of Civil Procedure, which authorize an action to be brought by a creditor against individual stockholders. The articles in which these sections are found relate to actions for the dissolution of a corporation, or to enforce individual liability of officers or members thereof. The sections contained in the article are in pari materia, and are to be construed together. The sections relied upon simply announce in statutory form the rule of the cases which we have cited. Thereunder, undoubtedly, an action might be brought by the creditor to enforce liability at law; and, unless restrained in the manner we have pointed out, he would become entitled to recover a personal judgment. But that is not this action. It seeks to have the liability established not alone for the benefit of the plaintiff, but for the benefit of all persons similarly situated. It is, in effect, an action brought for the sequestration of the property of the corporation, of which the liability of the stockholder is regarded as an asset, the same as other property of the corporation. Under such circumstances, the judgment should provide for an accounting, and an application of the funds secured by the judgment to the payment of all the creditors similarly situated in full, or pro tanto if the fund should not be sufficient to discharge all the debts entitled to share therein. Home Bank v. J. B. Brewster & Co., 15 App. Div. 338, 44 N. Y. Supp. 54.

There are no other questions requiring discussion in this case. It follows that the judgment should be modified as expressed in this opinion, and, as modified, affirmed, without costs to either party in this court. All concur.