LANG v. LUTZ et al.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDER—ENFORCEMENT—ACTION AT LAW.
     Laws 1892, p. 1841, c. 688, § 54 (Stock Corporation Law), provides that
the stockholders of every corporation shall jointly and severally be per-
sonally liable to its creditors to an amount equal to the amount of stock
held by them respectively until the whole amount of the stock shall have
been fully paid. Laws 1901, p. 971, c. 354, going into effect April 16,
1901, amends this section so as to provide that every holder of capital
stock not fully paid shall be personally liable to creditors to an amount
equal to the sum unpaid on the stock. Section 5 of the amendatory
act (Laws 1901, p. 974, c. 354) provides that it shall not affect any action
pending in any court at the time it takes effect, or any right of any
corporation creditor under existing law. *Held,* that a claim of a cred-
itor of an insolvent corporation due before the enactment of the amend-
ment was enforceable under the original section, and he could main-
tain an action at law against any stockholder whose stock was unpaid
to compel the payment of the sum so unpaid, and was not required to
bring a bill in equity, as under the amendatory act.

2. SAME—COMPLAINT—ALLEGATIONS—SUFFICIENCY.
     A complaint in an action at law by a creditor of an insolvent corpo-
ration against a stockholder for the recovery of the amount due on his
stock, which alleged that a final judgment dissolving the corporation
and permanently restraining its creditors from prosecuting claims against
it had been rendered, sufficiently excused the creditors from first re-
covering judgment against the corporation and having an execution is-
sued thereon returned wholly unsatisfied, as required by Stock Corpo-
ration Law, § 55 (Laws 1892, p. 1841, c. 688), as a condition precedent
to the bringing of the action.

Appeal from Special Term, Erie County.

Action by Margaret Lang against John Lutz and others. From an
interlocutory judgment sustaining a demurrer to the complaint, plain-
tiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

Lyndon D. Wood, for appellant.
Charles F. Tabor, for respondents.

ADAMS, P. J. This action, which was commenced on the 22d day
of March, 1902, was brought by the plaintiff as a creditor of a cor-
poration known as the "Red Cross Drug Company," upon a note
held by her which became due and payable on the 31st day of No-
vember, 1900, the amount due thereon at that date being the sum of
$415.

The complaint, after setting forth the execution and delivery of
the note in question, its maturity, the failure of the corporation to
pay the same, and the amount due thereon, alleges that each of the
defendants, up to the 4th day of March, 1902, was the owner and
holder of capital stock of the Red Cross Drug Company, upon which
there remained unpaid an amount greater than the debt due from
the corporation to the plaintiff, with the exception of the defendant
Bapst, upon whose stock there was then unpaid the sum of $300 only.
The complaint further alleged that on the date last above mentioned

a final judgment was entered against the Red Cross Drug Company in a proceeding for its dissolution, the effect of which was to dissolve the corporation, appoint a permanent receiver, and permanently restrain its creditors from prosecuting claims against it; and that its corporate assets at that time were insufficient to pay the costs and expenses of such proceeding.

The respondents Lutz demurred to the plaintiff's complaint upon the grounds, among others: (1) That there is a defect of parties defendant, in that other stockholders than the defendants are not made parties to the action; (2) that there is an improper joinder of causes of action; and (3) that the complaint does not state facts sufficient to constitute a cause of action. Upon the issue thus joined the trial court sustained the demurrer, and from the interlocutory judgment entered thereon this appeal is brought.

We are of the opinion that the interlocutory judgment appealed from should be reversed and the demurrer overruled. It was held by the trial court that the liability of the defendants to the creditors of the insolvent corporation in which they were stockholders must be measured and determined by section 54 of the stock corporation law, as amended by chapter 354, p. 971, of the Laws of 1901, which, in so far as was regarded applicable to the present case, reads as follows, viz.:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him."

And, if the plaintiff's rights are to be determined by this section as thus amended, it must be conceded that her action against one or more stockholders cannot be maintained, for it has been repeatedly held, under statutes declaring and defining the liability of stockholders similar in their provisions to the one just quoted, that the appropriate remedy of a creditor is by suit in equity to enforce contribution, and not by an action at law to appropriate to his own use the assets of a corporation which belong to the creditors as a whole. Hirshfeld v. Bopp et al., 145 N. Y. 84, 39 N. E. 817; National Bank of Auburn v. Dillingham, 147 N. Y. 603, 42 N. E. 338, 49 Am. St. Rep. 692; Marshall v. Sherman, 148 N. Y. 9–23, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839. This amendment, however, did not go into effect until the 16th day of April, 1901, prior to which time the section read as follows, viz.:

"The stockholders of every stock corporation shall jointly and severally, be personally liable to its creditors, to an amount equal to the amount of the stock held by them respectively, for every debt of the corporation until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid." Laws 1892, p. 1841, c. 688.

As thus formulated, it will be readily seen that the section conferred a right of action upon a creditor against the stockholders jointly and severally, and did not require that he should resort to a court of equity in order to enforce his claim. Moreover, it conferred this right upon the individual creditor, who was not compelled to share the re-

sults of his efforts with less vigilant creditors, which it is hardly necessary to suggest is quite a different and more desirable right than the one which is secured to him by the section as it now stands. Such being the case, it becomes important to determine whether the plaintiff's claim is enforceable under the original or amended section. In this connection it is proper to observe that the section confers a substantial right, and one, as we have seen, which was far more substantial before the amendment than it is now, so that the rule may not be invoked that a statute which merely changes or repeals a remedy is not violative of any constitutional inhibition against the impairment of contractual obligations. The fact, doubtless, was in the mind of the Legislature when it enacted the amendment of 1901, for section 5 of the amendatory law (Laws 1901, p. 974, c. 354) provides that:

"This act shall take effect immediately, but shall not affect any action or proceeding pending in any court at the time it takes effect or any right of any creditor of any corporation or of any stockholder against any director under existing law, providing action thereon be commenced within six months after this act takes effect, except as in this act otherwise provided."

And this provision is in harmony with section 31 of the statutory construction law, which declares that:

"The repeal of a statute or any part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected. * * *" Laws 1892, p. 1485, c. 677 (constituting chapter 1, Gen. Laws).

It would seem to follow, therefore, that if, when the amendment of 1901 went into operation, the plaintiff's right was one which had accrued, that is, one which was so far perfected that she might have brought an action for its enforcement against the stockholders of the corporation, either jointly or severally, such right was saved to her by section 5 of the amendatory act of 1901, or, if not, then by section 31 of the statutory construction law. This was expressly held by the Appellate Division of the First Department in a case recently decided by that court. Lancaster v. Knight, 74 App. Div. 255, 77 N. Y. Supp. 488.

As we have seen, the amendment of 1901 took effect on the 16th day of April of that year, at which time the plaintiff was a creditor of the corporation, its note which she held being then more than four months past due, so that for this period of time at least she had the "right" to enforce her claim by an action at law against any one or more of the stockholders whose stock had not been fully paid for; and it matters not that she did not see fit to enforce such right until the law had been changed, so long as it was expressly preserved to her by the saving clause of the amendatory act or by another statute.

Just here it may be proper to advert to the fact that the plaintiff's complaint does not allege that she had obtained judgment against the corporation for the amount of her claim, and that an execution thereon had been returned wholly unsatisfied, as required by section 55 of the stock corporation law (Laws 1892, p. 1841, c. 688), as a condition precedent to the bringing of such an action as this; but it does

allege that in the dissolution proceeding all creditors were enjoined and restrained by final judgment from instituting and prosecuting any action against the corporation to enforce their claims, and this it has been repeatedly held furnishes a sufficient reason for noncompliance with the requirements of the statute. Hunting v. Blun, 143 N. Y. 511, 38 N. E. 716; Hirshfeld v. Bopp, supra.

In the view we entertain respecting the law of this case, the plaintiff's complaint contains all the allegations which are essential to the maintenance of her action, and the same is consequently not subject to any of the objections raised by the demurrer.

Interlocutory judgment reversed, and demurrer overruled, with leave to the respondents to plead over upon payment of the costs of the demurrer and of this appeal. All concur.