(98 App. Div. 117)

## In re ZIEGLER.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. BANKS—CREDITORS—STOCKHOLDERS' LIABILITY—SUITS—BENEFICIARIES.
　　An action against stockholders of a bank, as authorized by stock corporation law, to enforce a liability for the payment of debts, is for the benefit of every creditor, though not named as a party, and though they do not join therein; and hence a nonparticipating creditor was entitled to the benefits derived from such an action where she applied to prove her claim before final distribution of the proceeds thereof, on proving a satisfactory excuse for failure to prove her claim before the referee within the prescribed period.

2. SAME—PROOF OF CLAIM—ACTION.
　　Where a receivership of a bank was extended over a fund recovered in an action to enforce a stockholders' statutory liability, and a notice to creditors of such action stated that an order would be applied for, directing the receiver of the bank to apply to the applicant's claim div-

idends out of the funds in his hands accruing from such stockholders' action, which designation of the receiver was the same as in the judgment appointing him receiver in the action, and disclosed that it had relation to the fund held by him as such receiver, the application should be regarded as having been properly made in the stockholders' action.

3. SAME—EXPENSE OF SUIT.

Where a creditor of a bank applied to share in the proceeds of an action to enforce a stockholders' statutory liability, she was chargeable with a proportionate amount of the expenses of such litigation.

Appeal from Special Term, New York County.

Application of Sarah Ziegler to compel David B. Sickels, as receiver of the Harlem River Bank, to pay to her a share in a dividend. From an order authorizing the applicant to file her claim with the receiver, and appointing a referee to take proof thereof, etc., the receiver appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George M. Mackellar, for appellant.
Arthur J. Stern, for respondent.

HATCH, J. The Harlem River Bank failed, and, in an action brought on behalf of the people for a dissolution of the corporation, David B. Sickels was appointed permanent receiver, and duly qualified as such. At the time of the failure the applicant was a depositor in the bank, and there stood upon its books to her credit $1,011.39. Her claim to this amount was duly proved before the receiver, and she was paid her proportionate share of the funds which came into the receiver's hands. About October 27, 1898, and while Sickels was acting as receiver of the bank, John E. Hagmayer, suing on his own behalf and on behalf of all other creditors of the Harlem River Bank who chose to come in and share the benefits and expenses, brought an action to enforce the statutory liability of the stockholders of the bank to its creditors. This action was independent of that in which Sickels was appointed receiver, and was based upon the inadequacy of the assets in the possession of the receiver to pay its creditors in full. The action resulted in an interlocutory judgment, wherein, among other things, was decreed the appointment of a referee to take proof and ascertain the valid claims existing against the bank; and it directed the referee to publish a notice in two newspapers published in the city of New York, twice a week for three successive weeks, requiring the creditors to appear before the referee and present their claims. These directions were carried out, but the respondent herein did not appear and prove her claim before the referee. There was collected in that action a considerable sum of money from the stockholders, some of which has been distributed among the creditors. There remains on hand at the present time nearly the sum of $5,000, which is awaiting distribution among those entitled thereto. The applicant gave proof tending to establish, and which has satisfied the learned court below, that she in fact had no notice of the action brought against the stockholders, or of the appointment of a referee therein to take proof of claims, and that, while the bank and the receiver had her post-office address, yet no notice

of any kind was ever forwarded to her, and she never had any notice of any character until long after the entry of the interlocutory judgment. In actions of this character, each and every creditor, whether he is named as a party in the action, or does not come into the suit, is entitled to the benefits of the decree entered therein, and is authorized to prove his claim, bear the burden, and share in the distribution; and actions to enforce liability under the Stock Corporation Law must be brought on behalf of the parties named, and of all other creditors. Lang v. Lutz, 83 App. Div. 534, 82 N. Y. Supp. 319. The interlocutory judgment therefore inured to the benefit of the applicant, and she became entitled to prove her claim. The penalty which attaches to a failure to prove the claim does not operate to deprive a creditor of all benefits derived from the judgment unless there has been a final distribution of the fund, based upon claims proven thereunder. At any time before such distribution a creditor may come in and be permitted to prove his claim, even though a schedule of those who are entitled to share in the fund and the amounts has been made up for distribution. Under such circumstances, the court has the power to open the proceeding for the purpose of establishing the claim; and the applicant, in moving the court to its exercise, is required to show an excuse, by satisfactory proof, for failing to prove her claim before the referee within the prescribed period. Kerr v. Blodgett, 48 N. Y. 62. In the present case the proof has satisfied the court that the applicant was excusable for not having proved her claim before the referee, and as the entire fund has not been distributed, and she may now have relief without interfering with the rights of others, we think the court was justified in exercising the power and making the order.

It is claimed, however, that the applicant is not entitled to any relief for the reason that she has moved against the receiver of the Harlem River Bank, and not in the stockholders' action; that, while the receiver is continued and remains in the action for the purpose of distributing the fund and winding up that receivership, he has in fact been discharged as receiver of the bank. By the terms of the final judgment it appeared that the receivership of Sickels of the bank was extended to embrace a receivership of the fund recovered of the stockholders; its language being "that the amounts adjudged to be due from the various defendants, and required to be paid in and by said judgment, be collected and paid over to the defendant, David B. Sickels, receiver of the Harlem River Bank of the City of New York, * * * to be by him distributed pro rata among the said creditors of said Harlem River Bank of the City of New York to whom the defendants are liable." And again the judgment, in providing for the payment of dividends, directs that they shall be paid as directed by the court "by David B. Sickels, the permanent receiver of said bank." And the judgment, in providing with respect to any future assets that might be received, independent of those already on hand, adjudged "that if at any time in the future there shall come into the possession of the said David B. Sickels, or his successor or successors, as receiver or receivers of said Harlem River Bank of the City of New York," they should be retained subject to the further order of the court. It is undoubtedly the rule that as to an application by a creditor for leave to prove a claim,

or in any other aspect in which the fund in the receiver's hands is sought to be charged, it is essential that the application be made in the action in which the receiver is appointed, but it cannot be said that this application is not made in such action.   The notice of motion stated that an order would be applied for, directing the receiver of the Harlem River Bank to pay to the applicant dividends out of funds in his hand accruing from an action brought by certain depositors of the bank against certain stockholders thereof.   This designation of the receiver is precisely the same as was his designation in the judgment which appointed him receiver in the action, and, in specific terms, it shows that it has relation to the fund held by him as such receiver.   It was not essential that the title of the action should be given, in order to show that the motion was made therein.   What the papers do show is that the receiver was the same person, with the same title which was given to him in the judgment appointing him, and that the fund sought to be reached was the fund which he held as such receiver, and now has on hand, and from which receivership he has never been discharged.   The application is to be regarded, therefore, as having been made in the action, and the objection is not available.   The burden of the expenses of the litigation in the stockholders' action can be apportioned to this applicant in the same manner as it has been apportioned among the other creditors who have proved their claims.   This is a matter of detail in the adjustment.   As the receiver of the bank has already had the claim established, and as there is no attempt in the answering papers to impugn the claim, it follows that it would be most inequitable to deny the applicant the right to participate in the fund for failing to prove her claim before the referee, when she had no notice that such step was required.   A fund in which she may share is now on hand.   A proportionate amount of her claim may be paid therefrom, as has been paid to other creditors, without in any wise prejudicing the right of any person.   This the order will accomplish.

The order, however, should provide that the applicant be charged with a proportionate amount of the costs and expenses of the litigation which has resulted in the production of the fund; and, as thus modified, it should be affirmed, with $10 costs and disbursements to the respondent.   All concur; PATTERSON, J., in result.