## DYER et al. v. DRUCKER.

(Supreme Court, Trial Term, New York County.  December 29, 1906.)

CORPORATIONS — CREDITORS' ACTIONS — STOCK CORPORATION LAW — CONSTRUCTION.

Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 54, provided that the stockholders of every stock corporation shall jointly and severally be personally liable to its creditors, to an amount equal to the amount of the stock held by them, respectively, for every debt of the corporation, until the whole of the capital stock issued and outstanding at the time such debt was incurred shall have been fully paid.  This was amended by Laws 1901, p. 971, c. 354, to read that every holder of capital stock not fully paid in any stock corporation shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him, for debts of the corporation contracted while such stock was held by him.  Held, that under the amendment a single creditor may not maintain an action at law against a single stockholder to enforce stock liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1104.]

Action by Frank L. Dyer and others against August Drucker. Complaint dismissed.

Kidder, Melcher & Ayres (John S. Melcher, of counsel), for plaintiffs.

Holm, Smith, Whitlock & Scarff (Victor E. Whitlock, of counsel), for defendant.

CLINCH, J. On the 7th December, 1904, plaintiffs recovered a judgment in this court for $837.17 against the City & Resort Hotel Company, a domestic stock corporation, upon a cause of action accruing in 1904. Upon that judgment an execution was issued to the sheriff of the county of New York, the county in which the corporation's principal business office was then located. The execution was returned by the sheriff wholly unsatisfied, and this action is brought against the defendant as the owner, at the time the indebtedness of the corporation to the plaintiff was contracted, of 48 shares of its capital stock, of the par value of $4,800, upon which plaintiffs claim the defendant had paid to the corporation only the sum of $3,000 on account of his subscription to the stock. By the consent of counsel for the respective parties the issues were tried before the court without a jury. At the close of the evidence defendant moved to dismiss the complaint on several grounds, including that since the amendment of section 54 of the stock corporation law by chapter 354, p. 971, of the Laws of 1901, a single creditor may not maintain an action under that section against a single stockholder, but must resort to an action in equity on behalf of himself and of all other creditors.

Section 54 of the stock corporation law of 1892 (chapter 688, p. 1841, Laws of 1892) provided that:

"The stockholders of every stock corporation shall jointly and severally be personally liable to its creditors to an amount equal to the amount of the stock held by them respectively for every debt of the corporation, until the whole amount of its capital stock, issued and outstanding at the time such debt was incurred, shall have been fully paid."

By chapter 354, p. 971, of the Laws of 1901, this section was amended to read that:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him."

As the cause of action in favor of plaintiffs against the corporation accrued subsequently to this amendment of 1901, the right of the plaintiffs to maintain this action is dependent upon the construction which shall be placed upon section 54 as thus amended. Prior to the amendment of 1901 an action might be commenced, for his individual benefit, by a creditor of a corporation to enforce in an action at law a joint and several liability of holders of stock not paid in full. Lang v. Lutz, 83 App. Div. 534, 82 N. Y. Supp. 319. By no reported decision that I have been able to find in any action in which it was specifically raised has the question been answered whether, since the amendment of 1901, a creditor of an insolvent corporation, suing

on his own behalf, may maintain an action against one or more stockholders of the corporation to recover to the extent of the amount unpaid upon a stock subscription. Lang v. Lutz, supra, was an action brought on a cause of action which accrued prior to the amendment by a single creditor to enforce the liability of stockholders under section 54 of the stock corporation law, and it was held that the right of the creditor to maintain the action was not taken away by the amendment of 1901. In its opinion the Appellate Division said (page 536 of 83 App. Div., page 320 of 82 N. Y. Supp.):

"And if the plaintiff's rights are to be determined by this section as thus amended, it must be conceded that her action against one or more stockholders cannot be maintained; for it has been repeatedly held, under statutes declaring and defining the liability of stockholders similar in their provisions to the one just quoted, that the appropriate remedy of a creditor is by suit in equity to enforce contribution, and not by an action at law to appropriate to his own use the assets of a corporation which belong to the creditors as a whole."

On the appeal to the Court of Appeals the decision of the Appellate Division was affirmed. 180 N. Y. 254, 73 N. E. 24. In its opinion the Court of Appeals says:

"The stock corporation law of 1892 clearly invested the creditor of a corporation with a right to maintain an action at law against one or more of the stockholders for the recovery of the corporate indebtedness to him, when the conditions thereto specified by the statute existed. It was a valuable right, resting in contract, and he could not, constitutionally, be deprived of its full enjoyment. It constituted a part of his security for any debt contracted by the company. The amendatory act of 1901 could not, and did not, affect that right. As to all cases which might arise thereafter, I assume that it prescribes a new rule of liability, under which the remedy available to a creditor is intended to be by way of an equitable action or proceeding, wherein all the stockholders of the corporation should be made equally and ratably responsible for the payment of corporate debts."

It is true that in that case the question presented to the appellate courts was whether the amendment of 1901 deprived the plaintiff of the right of action conferred by section 54 of the stock corporation law as it stood prior to the amendment, and that there was not involved in that action the question whether, on a cause of action accruing since the amendment, a creditor might maintain an action, for his own benefit exclusively, against a stockholder to recover the amount unpaid upon the latter's stock subscription. Therefore expressions of opinion on that question by the Appellate Division and by the Court of Appeals are dicta. But an examination of the record in the case discloses that the proper form of an action by a creditor to enforce the liability of stockholders under chapter 54 as amended was discussed both in the Appellate Division and in the Court of Appeals, and that this question was deliberately passed upon by these two Appellate Courts, and therefore, while, strictly speaking, these opinions are dicta, they are judicial dicta, rather than mere obiter dicta. They are deliberate expressions of opinion upon a point argued, and for that reason they are entitled to much more respect than a dictum on a point not discussed and not connected with the issue. There was an application of the judicial mind to the question, and it was considered with care, and I cannot disregard the conclusion reached. See, also, In

the Matter of Ziegler, 98 App. Div. 117, 90 N. Y. Supp. 681; Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817; Nat. Bank of Auburn v. Dillingham, 147 N. Y. 603, 42 N. E. 338, 49 Am. St. Rep. 692; Hirshfield v. Fitzger—d, 157 N. Y. 166, 178, 179, 51 N. E. 997, 46 L. R. A. 839.

Plaintiffs claim that section 10, c. 140, p. 214, of the Laws of 1850, "An act to authorize the formation of railroad corporations and to regulate the same," as amended by chapter 282, p. 608, of the Laws of 1854, bears a striking analogy to section 54 of the general corporation law as amended by chapter 354, p. 971, of the Laws of 1901, and that the construction by the courts of section 10 should be followed in construing section 54. A reference to section 10 will show that it provides that "every stockholder of any company formed under this act shall be individually liable to the creditors of such company," while section 54, as amended, provides that "every holder of capital stock not fully paid in any stock corporation shall be personally liable to its creditors." The word "personally" is used in section 54, while the word "individually" is used in section 10. By the substitution of "personally" for "individually" stockholders would be relieved from a several liability, because one who is individually liable is severally liable. Therefore the construction by the courts of section 10 cannot be followed in the construction of section 54 as amended.

I am of the opinion that this action cannot be maintained by the plaintiff, and that his complaint must be dismissed. This conclusion makes it unnecessary to consider any of the other questions presented on the trial.

Judgment is therefore directed that the complaint be dismissed.