(118 App. Div. 605)

### FORD v. CHASE et al.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

1. CORPORATIONS—STOCKHOLDERS' LIABILITY—UNPAID STOCK—ACTIONS—PARTIES.

In a suit in equity by a creditor of a corporation on behalf of himself and others to recover unpaid stock subscriptions, as provided by Laws 1901, p. 971, c. 354, § 54, all the stockholders should be made parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1107, 1109–1114.]

2. SAME—PERSONS ENTITLED TO PARTICIPATE.

Where a suit is brought for the benefit of creditors of a corporation to recover unpaid stock subscriptions as authorized by Laws 1901, p. 971, c.

354, § 54, the judgment inures to the benefit of all creditors who prove their claims and contribute their proportion to the expenses of the litigation.

3. SAME—TRUST FUND.

The stock of a corporation subscribed and issued is a fund to meet the obligations of the corporation, and in equity is subject to the lien of creditors whether paid or not.

4. SAME—ACTION—PARTIES.

In a suit by creditors of a corporation to recover unpaid stock subscriptions, original subscribers who never paid the 10 per cent. of their subscriptions essential to make them stockholders as provided by Stock Corporation Law, Laws 1892, p. 1835, c. 688, § 41, were not necessary parties.

5. SAME—FORFEITED STOCK.

Where certain stockholders of a corporation had released it from all obligations on account of their subscriptions, and their stock had been declared forfeited by a resolution of the board of directors, such stockholders were not necessary parties to a suit by creditors to recover unpaid subscriptions.

6. SAME—COMPLAINT.

An allegation in the complaint of the general effect of such forfeiture, denoting the cause for the omission to make such persons parties defendant, was sufficient without reciting the details essential to the declaration of a forfeiture by the directors, as provided by Stock Corporation Law, Laws 1892, p. 1835, c. 688, § 48.

7. SAME—PROMISE TO PAY.

A complaint by creditors to recover unpaid stock subscriptions charged that the several defendants subscribed for and agreed to take shares of the capital stock of the corporation as follows: to wit, etc., and then recited the amount paid by each shareholder on account of his subscription. A subsequent paragraph alleged that certain of the defendants owned stock at the time plaintiff's debt was contracted and up to the time of the final dissolution of the corporation together with the names of the stockholders claimed to be derelict and the number of shares and the balance unpaid. *Held* that the complaint sufficiently alleged a subscription and promise to pay.

8. SAME—DEBTS.

Complainant sold a Mexican plantation to Z. for $9,000, taking his individual obligation therefor. Subsequently, a corporation was organized to exploit the same which assumed and agreed to pay Z.'s debt to plaintiff. *Held*, that the corporation's liability to complainant, constituted a debt to pay which complainant was entitled to sue to recover unpaid stock subscriptions.

9. SAME—LIMITATIONS.

Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 55, declares that no stockholders shall be personally liable for a debt of the corporation not payable within two years from the time it was contracted, nor unless an action for its collection should be brought against the corporation within two years after the debt matured. Plaintiff sold certain real estate to Z., taking his obligation for the purchase price, payable in two years and nearly a year thereafter, defendant corporation assumed the debt. *Held*, that the corporation did not become bound until the date of its assumption, and hence its liability was not barred on the maturity of the debt 14 months thereafter.

10. SAME.

A complaint to recover unpaid stock subscriptions for the payment of a corporate debt alleged that within two years from the date of the liability of the corporation, a petition was filed for its dissolution and an injunction granted restraining the creditors from suing the corporation; that the injunction remained operative until July, 1905, when the corporation was declared insolvent, and a permanent receiver appointed and

that complainant had been restrained until the commencement of the present action more than two years after the maturity of the debt. *Held*, that the action was not barred by Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 55, providing that stockholders shall not be personally liable for a corporate debt unless suit shall be brought for its collection against the corporation within two years after the debt matured.

11. SAME—CONDITIONS PRECEDENT—ACTION AGAINST CORPORATION.

Where a corporation had been declared insolvent in dissolution proceedings and its assets had been converted into money which was insufficient to pay its debts, a creditor was not required to sue the corporation before bringing an action against stockholders to recover unpaid stock subscriptions.

McLennan, P. J., dissenting.

Appeal from Trial Term, Monroe County.

Action by John W. Ford on behalf of himself and all other creditors of the Rochester-Mexican Plantation Company against Benjamin E. Chase and others. From an interlocutory judgment overruling demurrers to the complaint, certain defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. H. McMath, for appellants Perkins, Bennett, and Simpson.

John P. Bowman, for appellants Chase and others.

William N. Cogswell, for appellants Devine and McPhail.

Edward Lynn, for respondent.

SPRING, J. The action is commenced by the plaintiff in his own behalf, and all others similarly situated as creditors of the Rochester-Mexican Plantation Company, a domestic stock corporation, to recover of the stockholders of such corporation sums alleged to be unpaid on their stock. The action is in equity, and the stockholders and receiver of the corporation are made parties defendant. Section 54 of the stock corporation law (chapter 688, p. 1841, Laws of 1892 as amended by chapter 354, p. 971, of the Laws of 1901) which is the warrant for the action, so far as pertinent, is as follows:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him."

The charge is that several stockholders have failed to pay in full their capital stock, and the complaint asks for judgment decreeing payment by these delinquent stockholders, and for the adjustment of the claims of the creditors of the corporation, and for the payment of the same in full, or ratably if the fund thus created is inadequate to pay them in full. In this form of action, and under the amended statute (section 54, p. 971, c. 354, Laws 1901) all the stockholders should be made parties (Lang v. Lutz, 180 N. Y. 254, 259, 73 N. E. 24, affirming 83 App. Div. 534, 82 N. Y. Supp. 319), and the judgment enures to the benefit of all other creditors who prove their claims and contribute their proportion to the expenses of the litigation (Matter of Zeigler, 98 App. Div. 117, 90 N. Y. Supp. 681). The stock subscribed and issued is the fund to meet the obligations of the company, and in equity is subject to the lien of the creditors; "unpaid stock is as much a part of this pledge and as

much a part of the assets of the company as the cash which has been paid upon it." Stoddard v. Lum, 159 N. Y. 265, 273, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541. Demurrers to the complaint were interposed by all the defendants served, alleging that there is a defect of parties, and that a cause of action is not set forth.

We will briefly analyze the chief features of the complaint. The Rochester-Mexican Plantation Company was organized in November, 1901, for the purpose of buying, selling, and operating plantations in the Republic of Mexico, with an authorized capital of $60,000, divided into shares of the par value of $25 each. At the time of the organization of said corporation the plaintiff owned a tract of land in the state of Vera Cruz in said Republic, and, on the 8th day of March, 1902, sold the same to one Zeeveld, who agreed to pay the plaintiff as part of the purchase price $9,000 in American gold with interest on the 8th day of March, 1904. The corporation, it seems, assumed possession of these premises at the time of the purchase by Zeeveld, who was one of the original subscribers for the stock of said company. On the 6th day of February, 1903, Zeeveld sold the premises to the plantation company, and, as a part of the purchase price, it assumed and agreed to pay the said indebtedness of $9,000 to the plaintiff. The complaint alleges that the defendant stockholders have failed and omitted to pay in full for the stock severally subscribed for and taken by them, and the extent of the delinquency of each shareholder is set out in the complaint, and nothing has been paid to the plaintiff on the assumption agreement. One criticism of the pleading is that certain of the original subscribers to the stock are not made parties. The complaint in excuse for this alleged failure avers that while these stockholders subscribed for the stock, they never paid the 10 per cent. thereof essential to make them stockholders. Stock Corp. Law, § 41. They are not necessary parties. Perry v. Hoadley, 19 Abb. N. C. 76; Black River & Utica R. R. Co. v. Clarke, 25 N. Y. 208, 210.

Four of the stockholders who subscribed for $250 each of the capital stock are not made parties. In explanation of this omission the complaint alleges that these stockholders "released the Rochester-Mexican Plantation Company from all obligations on account of said stock subscription and the payment of the said sum of two hundred and fifty dollars, and by a resolution of the board of directors of the said the Rochester-Mexican Plantation Company the stock of the said Frederick P. Allen, Josiah Anstice, E. Frank Brewster, and Edward G. Miner, Jr., was declared duly forfeited."

The sufficiency of this allegation is challenged, on the ground that it does not recite the details essential to the declaration of forfeiture by the directors pursuant to section 43 of the stock corporation law (chapter 688, p. 1835, Laws 1892). This is not necessary. The general fact is stated, denoting the cause for the omission to make these people parties defendant, and the gist of the statute is embodied in this recital. If not sufficiently explicit the remedy is by motion to make the averment more definite and certain, rather than by demurrer. It is not necessary to plead evidentiary facts leading up to the resolution declaring the stock forfeited. Roch. R. R. Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008. The subscribers whose shares of stock were for-

feited ceased to be stockholders. Mills v. Stewart, 41 N. Y. 384; Wheeler v. Millar, 90 N. Y. 353, 358.

It is also claimed that the foundation of the stockholders' liability to pay the unpaid stock rests in the agreement to pay, and that there is no allegation of a promise to pay beyond the sums already contributed. We think the complaint is ample in this respect. It first alleges that the entire capital stock was subscribed for in shares of $25 each. It then charges that "the several defendants herein named * * * subscribed for and agreed to take shares of the capital stock of said the Rochester-Mexican Plantation Company, as follows: Benjamin E. Chase, 40 shares, of the par value of $1,000;" and a like statement as to the number of shares subscribed for and agreed to be taken by each defendant. It then recites the sum paid by each shareholder "on account of said shares of stock subscribed for as above set forth the sum of [stating amount] due and unpaid of the par value of said stock of each of said defendants respectively."

In the eleventh paragraph it is alleged:

"That the several defendants herein [other than the defendant Fanning] and said W. A. Mason and T. J. Oliver held and owned said stock at the time the debt to plaintiff on which this action is brought was contracted and up to and at the time of the final dissolution of said the Rochester-Mexican Plantation Company, and held and owned such stock at the time of the commencement of this action."

And, further, it sets forth the names of the stockholders claimed to be derelict, with the number of shares and the balance remaining unpaid.

The general allegation is contained in the complaint that "no other person or persons held capital stock of the said the Rochester-Mexican Plantation Company which was not fully paid at the time of the final dissolution of said corporation, who held such stock at the time the debt to plaintiff on which this action is brought, was contracted." These allegations, if true, show the subscription for and the ownership of the stock and the agreement to pay $25 for each share subscribed for. A fair construction of the complaint negatives the suggestion that a part of the stock may have been paid for in property or labor. It is urged with much earnestness that the assumption of the purchase price of $9,000 for these premises due Zeeveld was not a debt within the purview of section 54. The plaintiff was a creditor of Zeeveld. The latter did not give back a mortgage to secure the purchase price of this land, but gave his individual obligation to pay, thus creating the relation of debtor and creditor. When the corporation assumed and agreed to pay this debt, it became the debtor of the plaintiff. He could enforce the payment of this debt by action against the company, and it was like any other obligation, and the land purchased was an asset of the company denoting the consideration for the indebtedness.

Section 55 of the stock corporation law contains the following provision:

"No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due."

The agreement between Zeeveld and the plaintiff was made March 8th, 1902, and the nine thousand dollars were to be paid March 8, 1904. The agreement whereby the plantation company purchased the premises and undertook to pay the debt bears date February 6, 1903. It is claimed that inasmuch as the original debt ran for a longer period than two years (Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565; Ryer v. Prudential Insurance Company, 185 N. Y. 6, 77 N. E. 727; Vose v. Kuhn et al., 45 Misc. Rep. 455, 92 N. Y. Supp. 34), the corporation was not liable to pay the debt at all. The corporation did not become bound until February, 1903. It was not the corporate debt until then and it matured within 14 months from the time the company became chargeable with the payment. The purpose of the statute is to prevent the extension of a credit to a corporation for a longer period than two years. The rule was not transgressed in the assumption of this debt. The contract with the corporation was an independent agreement, creating a new obligation on its part.

If the assumption had been after the debt had accrued, there would have been no liability at all, within the rule sought to be applied by the counsel for the appellants, on the part of the corporation by its assumption of the debt. We think the policy of the statute is to limit the two years restriction to the time which the corporation can be held liable, and not to include the time when the debt was running preceding the date when the corporation became the debtor. The counsel for the appellants cites cases like Hardman et al. v. Sage et al., 124 N. Y. 25, 26 N. E. 354, where the time of credit was extended beyond two years by promissory notes given by the corporation, and the court held that the claim of the creditor could not be charged against the stockholder. In those cases more than the limited period ran against the corporation. In the present case there was no debt of the corporation which extended beyond the two years. The action was commenced in January, 1906, so that more than two years elapsed after the assumption agreement and the commencement of the action. The complaint alleges that on the 18th of January, 1905, and within two years from the date of the liability of the company, a petition of the directors of the corporation was presented to the court for its dissolution, and an injunction order was granted that day enjoining all creditors from bringing any action against the company, and a temporary receiver was then appointed. The temporary injunction remained operative until July, 1905, when the company was declared insolvent and its dissolution was ordered and a permanent receiver appointed to wind up its affairs, and the creditors were permanently restrained from commencing any action; which order continued effective until the commencement of the present action. These facts sufficiently excuse the failure to commence the action within the two years from the inception of the liability of the corporation. The complaint alleges, as already noted, the insolvency of the company, the dissolution proceedings, and also the conversion of its assets into money, the inadequacy of the same to pay its debts, so that the recovery of a judgment against the corporation would have been fruitless, and was not a prerequisite to the maintenance of the action. Lang v. Lutz, 180 N. Y. 254–256, 73 N. E. 24.

The interlocutory judgment should be affirmed, with one bill of costs to the respondent.

Interlocutory judgment affirmed, with costs to the respondent, with leave to the defendants to plead over upon payment of the costs and disbursements of this appeal, and the costs of the demurrer. All concur, except McLENNAN, P. J., who dissents.