(27 App. Div. 97.)

### MARSHALL v. BARR et al.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

CORPORATIONS—ANNUAL REPORT—LIABILITY OF DIRECTORS.

To entitle the plaintiff to recover from the directors of a corporation the penalty imposed by section 30 of the "Stock Corporation Law" (Laws 1890, c. 564, as amended by Laws 1892, c. 2), for failure of a stock corporation to make its annual report, the complaint must allege, not only that the corporation in question was incorporated under the laws of New York, but must also show that it is a stock corporation.

Appeal from special term, New York county.

Action by William L. Marshall against Thomas M. Barr and another. From a judgment overruling the answers of the defendants as frivolous, and from the judgment entered in pursuance of the order, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

L. H. Arnold, for appellants.
Wm. P. Maloney, for respondent.

INGRAHAM, J. The defendants appealed from the judgment, and in the notice of appeal seek to review an order of the court granting judgment to the plaintiff, upon the ground that the answer interposed by the appellants is frivolous. The action is brought to enforce a penalty incurred by the defendants, as directors of a cor-

poration known as the "New York Piano Case Company," by reason of the failure of the directors of the corporation to file an annual report in the year 1897. The defendants attack the complaint as being insufficient, as it is not alleged that the corporation of which the defendants are directors is a stock corporation. The statute which imposes this penalty, in force at the time this default took place, was chapter 564 of the Laws of 1890, known as the "Stock Corporation Law," as amended by chapter 2 of the Laws of 1892. By section 30 of that act it is provided that every stock corporation, except moneyed and railroad corporations, shall annually, during the month of January, make a report as of the 1st day of January. By the express provisions of this statute, it is only a stock corporation that is required to make such a report, and the complaint nowhere alleged that the defendant was a stock corporation. As this is an action to recover upon a penalty, by a familiar rule the complaint must allege that the words of the statute distinctly enact that under the circumstances the penalty has been incurred. Provisions of this character must be strictly construed, and cannot be extended by implication. Van Dyck v. McQuade, 86 N. Y. 56. "A party seeking to make trustees of a corporation liable under this statute, for failure to comply with it must allege and prove affirmatively every fact and circumstance upon which his right to recover depends, and nothing will be presumed in his favor." Whitney v. Cammann, 137 N. Y. 344, 33 N. E. 305. Thus, to entitle the plaintiff to recover, he was bound to allege, not only that the corporation of which the defendants were directors incorporated under the laws of this state, but must also show that it was a stock corporation; and this is not alleged in the complaint. It would seem, therefore, that upon the complaint, admitting all of the facts alleged, the plaintiff was not entitled to judgment.

It is not necessary for us to determine whether the answer is so clearly frivolous as to justify the court in granting an order for judgment upon the answer as frivolous. For the reasons before stated, we do not think, upon the facts alleged in the complaint, that the plaintiff was entitled to judgment.

The order granting the plaintiff judgment, and the judgment entered thereon, must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.