MARGARET LANG, Respondent, *v.* JOHN LUTZ et al., Appellants, Impleaded with Others.

1. CORPORATIONS — CREDITOR'S SUIT AGAINST HOLDER OF STOCK NOT PAID IN FULL — STOCK CORPORATION LAW. The right of the creditor of an insolvent corporation whose debt was created in 1900, to enforce in an action at law commenced in March, 1902, the joint and several liability therefor of the holders of stock not paid in full, which was conferred by the Stock Corporation Law of 1892 (Ch. 688), was not affected by the later act of 1901 (Ch. 354); such an action is governed by the former statute, and the plaintiff may sue one or all or any number of the stockholders.

2. PLEADING. The failure of the complaint to show the recovery of a judgment against the corporation and the return of an execution unsatisfied is immaterial, where it contains an allegation that a judgment of dissolution had been rendered which restrained creditors from instituting or prosecuting actions against it.

3. PARTIES. The judgment demanded not affecting the property of the corporation but that of the stockholders only, the receiver is not a necessary party to the action.

*Lang* v. *Lutz*, 83 App. Div. 534, affirmed.

(Argued December 15, 1904; decided January 17, 1905.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial depart-

ment, entered August 7, 1903, which reversed a judgment of Special Term sustaining demurrers to the complaint and overruled such demurrers.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Charles F. Tabor* for appellants. If we assume that section 54 of chapter 688 of the Laws of 1892 governs this case then the action should have been in equity and all the creditors and stockholders made parties instead of a part of them. (*Wellington* v. *C. C. & I. Co.*, 52 Hun, 411; *Griffith* v. *Mangham*, 73 N. Y. 611; *Hirshfield* v. *Fitzgerald*, 157 N. Y. 179; *Marshall* v. *Sherman*, 148 N. Y. 22; *S. I. Co.* v. *Brown*, 171 N. Y. 502; *Christensen* v. *Eno*, 106 N. Y. 100.) The defect of parties plaintiff and defendant appearing upon the face of the complaint the only remedy of the defendants was by demurrer. (*Sullivan* v. *N. Y. R. Co.*, 119 N. Y. 356.) The liability of the stockholder under section 54 of the law of 1892 is a joint and several one to the creditors of the corporation to an amount only equal to the amount of the stock held by them respectively. (*Close* v. *Potter*, 155 N. Y. 150.) If the liability of stockholders is joint and several then all must be sued or one only. (*Dean* v. *Whiton*, 16 Hun, 203; *Russell* v. *McCall*, 141 N. Y. 452; Code Civ. Pro. § 488.) There is also a misjoinder of causes of action as each stockholder is liable for a different amount. (*Barton* v. *Spies*, 5 Hun, 60; *Nichols* v. *Drew*, 94 N. Y. 22.)

*Edward M. Sheldon* for respondent. The plaintiff's right, accrued prior to the enactment of 1901, may be asserted and enforced pursuant to express provisions of our statutes, as fully and to the same extent as if the amendment of 1901 had not been passed. (L. 1892, ch. 677, § 31; L. 1892, ch. 688, § 55; L. 1901, ch. 354, § 5; *Lancaster* v. *Knight*, 74 App. Div. 255.) The amendment (L. 1901, ch. 354) is not merely remedial, but affects a substantial right. The law as it existed prior to this enactment is a part of the plaintiff's contract

with the stockholders. (*Randall* v. *Sackett*, 77 N. Y. 480;
*O'Brien* v. *Young*, 95 N. Y. 428; *Douglas* v. *Ferris*, 18
N. Y. Supp. 685.) The receiver of the corporation need not
be joined when there is no property of the corporation and
no right to be adjudicated upon before the rights of other
parties to the suit can be determined. The cause of action
stated by plaintiff is in no way the property of the corpora-
tion nor of all creditors, but inures only to the benefit of
such creditors as come within the specified conditions. (*Chap-
man* v. *Forbes*, 123 N. Y. 532, 538; *Thompson* v. *Nicolai*,
21 Misc. Rep. 700; *Bauer* v. *Platt*, 72 Hun, 326; L. 1892,
ch. 688, §§ 54, 55.) The stockholders' liability being joint
and several the plaintiff may sue one or all or any number.
(*Carman* v. *Plass*, 23 N. Y. 286; *Quigley* v. *Walter*, 32
N. Y. Super. Ct. 175; *Wilson* v. *Schwind*, 5 Misc. Rep.
205.)

GRAY, J. The plaintiff, being a creditor of the Red Cross
Drug Company, a domestic corporation, brought the action to
enforce against certain of its stockholders their statutory lia-
bility for the indebtedness. The indebtedness arose upon an
unpaid promissory note of the company, held by the plaintiff
in November, 1900, and the complaint, after setting forth the
particulars of the claim to be enforced, alleged that the
authorized and outstanding capital stock of the drug company
was of $60,000, par value, and that there remained unpaid
thereon the sum of $40,000. It alleged that in March, 1902,
and within two years after the debt of the company became
due and payable, a final judgment was rendered, in a proceed-
ing for the dissolution of the company; which dissolved it,
appointed a permanent receiver of its property and perma-
nently enjoined its creditors from instituting, or prosecuting,
any action against it. The complaint then showed the amount
of stock held by the different defendants and the amounts
unpaid on such stockholding; which, in each instance but
one, amounted to more than the unpaid corporate debt sued
upon. Judgment was demanded against the defendants for

the amount of the debt. Two of the defendants demurred to the complaint upon various grounds and their demurrers were sustained at the Special Term ; but the Appellate Division, in the fourth department, reversed the interlocutory judgment sustaining the demurrers and, thereupon, certified questions to this court, which embody, in fact, the grounds assigned by the appellants for demurring to the complaint. The questions are these :

" I. Has the plaintiff legal capacity to sue, all creditors not having been made parties plaintiff ?

" II. Is there a defect of parties defendant, to wit : the stockholders other than the defendants named, also the receiver of the said corporation ?

" III. Is there an improper joinder of the parties defendant, for the reason that the alleged cause of action does not affect all of the parties to the action alike ?

" IV. Have causes of action been improperly united, for the reason that the alleged causes set forth in the complaint do not affect all of the parties to the action alike ?

" V. Does the complaint in this action state facts sufficient to constitute a cause of action ? "

The courts below have differed in their judgments upon the main question, whether the right of the plaintiff, as a creditor of the corporation, was governed by the statute, as it read at the time when the debt was created, or as it read subsequently, in its amended form. Section 54 of the Stock Corporation Law of 1892, (Chap. 688, Laws of 1892), provided that " the stockholders of every stock corporation shall, jointly and severally, be personally liable to its creditors, to an amount equal to the amount of the stock held by them respectively, for every debt of the corporation, until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid." In 1901, by an act passed on April 16th, (Chap. 354, Laws of 1901), the legislature changed this provision of the statute, so that it read that " every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an

17

amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him." This amendatory act, further, provided that " this act shall take effect immediately, but shall not affect any action or proceeding pending in any court at the time it takes effect or any right of any creditor of any corporation or of any stockholder against any director under existing law, providing action thereon be commenced within six months after this act takes effect, except as in this act otherwise provided." As I have mentioned, when the amendatory act was passed, the debt of the corporation to the plaintiff had already been incurred and what the then existing statute gave to the corporate creditor was the right to hold the stockholders, "*jointly and severally*," to a personal liability for the satisfaction of his claim. The effect of the statute was to impose an individual liability, contractual in its nature, upon every person, who became a stockholder. It left him, as to a corporate debt, with the common-law liability of a copartner, to the amount of his stock, until the statute had been complied with as to the full payment of the capital of the company. The law, prior to this act of 1901, in general statutes, as in corporate charters, when providing, as in the Stock Corporation Law of 1892, for a several liability on the part of stockholders for corporate debts, in fact, aimed at preserving the liability, which would have rested upon them as members of a copartnership, or unincorporated body, until the requirements for a corporate exemption were complied with. (Ang. & Ames on Corps. § 611; *Allen* v. *Sewall*, 2 Wend. 327; *Moss* v. *Oakley*, 2 Hill, 269; *Corning* v. *McCullough*, 1 N. Y. 47; *Rogers* v. *Decker*, 131 ib. 490.) The individual liability of the stockholder to a creditor was a several and distinct one, and enabled the latter to maintain an action at law alone and without joining others similarly situated. ( *Weeks* v. *Love*, 50 N. Y. 568.)

The Stock Corporation Law of 1892, clearly, invested the creditor of a corporation with a right to maintain an action at law against one, or more, of the stockholders for the

recovery of the corporate indebtedness to him; when the conditions thereto, specified by the statute, existed. It was a valuable right, resting in contract, and he could not, constitutionally, be deprived of its full enjoyment. It constituted a part of his security for any debt contracted by the company. The amendatory act of 1901 could not, and did not, affect that right. As to all cases, which might arise thereafter, I assume that it prescribes a new rule of liability under which the remedy available to a creditor is intended to be by way of an equitable action, or proceeding; wherein all the stockholders of the corporation should be made equally and ratably responsible for the payment of corporate debts. If the amendment of 1901 had any effect upon the right of an existing creditor, it was to prescribe a limitation of time within which he should commence an action to enforce it. It expressly saved the right of a creditor of any corporation, " provided action thereon be commenced within six months after the act takes effect," etc. Although, under the previous statute, he had two years within which to enforce a stockholder's statutory liability, the legislature, in 1901, saw fit, when formulating a new rule of liability, to compel the bringing of an action upon any previously existing right within six months. Its power to change existing rules for the limitation of actions must be conceded and, when reasonably exercised, it invades no constitutional right of the citizen. (Cooley's Const. Lim. * 366; *Rexford* v. *Knight,* 11 N. Y. 308; *People* v. *Turner,* 117 ib. 227.) The power of the legislature, supreme within constitutional limitations, cannot be fettered by any prior legislative act. Each legislative body possesses the same power as was possessed by its predecessor, to enact laws for the government of the people and for the regulation of the rights of persons, and is subject only to the restrictions of the constitution. (*Mongeon* v. *People,* 55 N. Y. 613, 618; *Newton* v. *Commissioners,* 100 U. S. 548; Cooley's Const. Limitations, *125.) How the provisions of the amendatory act operated upon the plaintiff's remedy, as a short statute of limitations, is a question not before us. That being matter for an affirma-

tive defense, created by statute, it must be pleaded and it is not suggested by a demurrer.

*Marsh* v. *Kaye*, (168 N. Y. 196), which the appellant cites, was a case where the liability of directors for debts was brought in question by an action on the equity side of the court. It was there conceded that the liability was, essentially, the same as that of a stockholder and that the personal liability, in such a case, was enforceable in an action at law.

The point, that the plaintiff does not show the recovery of a judgment upon the indebtedness and the return of an execution unsatisfied, is covered by the allegation in the complaint that a judgment had been rendered against the company, within two years after the indebtedness was incurred ; which dissolved it and restrained its creditors from instituting, or prosecuting, any action against it. That would be a sufficient excuse for the omission to perform that condition precedent to the maintenance of such an action. (*Hardman* v. *Sage*, 124 N. Y. 32 ; *Hunting* v. *Blun*, 143 ib. 511.)

Nor is the receiver of the corporation a necessary party defendant. The cause of action does not concern him ; for the judgment demanded does not affect the corporate property. The defendants are sued as stockholders, upon a personal liability, and the controversy is between them and the plaintiff, only.

It is, perhaps, unnecessary to add that the stockholders in this company, being made by the statute of 1892 severally, as well as jointly, liable, any number, or all, may be made defendants. Such is the intendment of the statute. It seems to be, also, inferable from section 456 of the Code. (*Carman* v. *Plass*, 23 N. Y. 286.)

The views expressed sufficiently cover the questions, which have been certified to us, and I advise that they be answered in the following manner : The first and fifth questions should be answered in the affirmative, and the second, third and fourth questions should be answered in the negative. It follows that the judgment of the Appellate Division should be affirmed, with costs in all the courts to the respondent ; with

leave, however, to the appellants to answer the complaint, within twenty days after notice served of our order, upon payment of such costs.

CULLEN, Ch. J., O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur; HAIGHT, J., absent.

Judgment affirmed.