(108 App. Div. 238.)

### DYER et al. v. DRUCKER.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. Corporations—Stockholders—Liability for Corporate Debts—Enforcement—Pleading.

In an action to enforce the liability of a corporate stockholder under Stock Corporation Law, Laws 1901, p. 971, c. 354, § 54, making the holder of capital stock in any stock corporation liable to its creditors to an amount equal to the amount unpaid on the stock held by him for the debts of the corporation, the complaint must show that the stockholder held unpaid stock at the time judgment was recovered and execution issued against the corporation, and not at the time the corporation's debt was contracted.

2. Same—Stock Corporation.

In an action to enforce the liability of a corporate stockholder under Stock Corporation Law, Laws 1901, p. 971, c. 354, § 54, providing that a holder of capital stock in any stock corporation shall be liable to its creditors to an amount equal to the amount unpaid on the stock, the complaint must show that the corporation in question was a stock corporation, and not a moneyed corporation, and the statement of the name of the corporation, or the allegation that goods, wares, and merchandise were sold to it, is not sufficient for this purpose.

3. Same.

In an action to enforce the liability of a stockholder in a stock corporation for the debts of the corporation to the extent of his unpaid stock, imposed by Stock Corporation Law, Laws 1901, p. 971, c. 354, § 54, the complaint must show, not only that the stock has not been fully paid in cash, but also that it has not been paid in property or services, and an allegation that a certain sum remains due is insufficient; that being a mere conclusion.

Appeal from Special Term, New York County.

Action by Frank W. Dyer and others against August Drucker. From an interlocutory judgment sustaining a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, plaintiffs appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and INGRAHAM, JJ.

John S. Melcher, for appellants.
Victor E. Whitlock, for respondent.

McLAUGHLIN, J. This action was brought to recover the amount of a judgment obtained by the plaintiffs against the City & Resort Hotel Company, a New York corporation, and they seek to hold the defendant liable under section 54 of the stock corporation law (Laws 1901, p. 971, c. 354), on the ground that he had not fully paid for his stock. So much of section 54 of the stock corporation law as is material to the question involved reads as follows:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him. As to existing corporations the liability imposed by this section shall be in lieu of the liability imposed upon stockholders of any existing corporation under any general or special law (excepting laws relating to moneyed corporations and corporations and associations for banking purposes) on account of any indebtedness hereafter contracted or any stock

hereafter issued; but nothing in this section contained shall create or increase any liability of stockholders of any existing corporation under any general or special law."

The complaint alleged that "between the 22d day of August and the 2d day of September, 1904, the plaintiffs sold and delivered to the City & Resort Hotel Company, a corporation duly organized and existing under the laws of the state of New York, goods, wares, and merchandise of the value of $725.50, no part of which has been paid"; that thereafter the plaintiffs recovered a judgment against the hotel company, and issued execution thereon, which was returned unsatisfied; and "that at the time of the contracting of the debt * * * the defendant was a stockholder in said City & Resort Hotel Company, having subscribed for and being the owner of 48 shares of stock in said company, of the par value of $100 each, on which he had paid into the treasury of said company a sum not exceeding $3,000, leaving a balance due on said stock of at least $1,800." The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiffs have appealed.

The complaint does not state a cause of action. It does not show that there was anything due from the defendant to the corporation at the time the plaintiffs recovered their judgment, issued execution thereon, and the same was returned unsatisfied. The allegation in the complaint as to the defendant's indebtedness, in point of time, relates to the time the debt was contracted, and not to the time when judgment was recovered. The words are:

"At the time of the contracting of the debt * * * he had paid * * * $3,000, leaving a balance due * * * of at least $1,800."

For all that appeared, the balance, if any, may have been paid after the debt was contracted and before judgment was recovered.

The complaint is also defective in another respect. It does not show that the hotel company was a stock corporation, or, in other words, that it was not a moneyed corporation, in which case the statute does not apply to it. The only allegation is that it is "a corporation duly organized and existing under the laws of the state of New York." The name of the corporation is not sufficient to show that it was a stock corporation, nor is the allegation that goods, wares, and merchandise were sold sufficient to show that it was not a moneyed corporation. In Marshall v. Barr, 27 App. Div. 97, 50 N. Y. Supp. 116, which was an action to enforce a penalty under the stock corporation law against directors of a stock corporation other than a moneyed or railroad corporation for failure to file an annual report, it was held the complaint did not state a cause of action because it did not show the corporation was a stock corporation. The failure, therefore, to show that this corporation was a stock corporation, rendered the complaint defective.

It is also defective in that it does not state facts sufficient to show, or from which it can be inferred, that the defendant has not fully paid for his stock. The statute referred to permits one to pay in property sold or services rendered. The complaint would be true if he had paid the balance over and above the $3,000 in property or services. It is

true that, immediately following the statement of the payment of $3,000 into the treasury, is a statement that there is left due so much; but this is a mere conclusion to be drawn from the facts before alleged.

The judgment appealed from, therefore, must be affirmed, with costs, with leave to the plaintiffs to amend their complaint on payment of the costs in this court and in the court below.   All concur.

