WARTH v. MOORE BLIND STITCHER & OVERSEAMER CO. et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. CORPORATIONS (§ 265*)—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—UNPAID SUBSCRIPTIONS.

Where a judgment creditor of a corporation sued the stockholders in equity to collect the amounts unpaid upon their stock, he must follow the equity practice and sue for the benefit of all creditors and join as defendants all stockholders liable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1099–1125; Dec. Dig. § 265.*]

2. CORPORATIONS (§ 265*)—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—UNPAID SUBSCRIPTIONS—PARTIES.

In a suit in equity by a creditor of a corporation against the shareholders whose subscriptions are unpaid, all such shareholders should be

made defendants, as well as the personal representatives of those who may have died.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1099–1125; Dec. Dig. § 265.*]

3. CORPORATIONS (§ 265*)—ACTION AGAINST STOCKHOLDERS—PLEADING—AMENDMENT.

In a suit in equity by a creditor of a corporation to collect from the shareholders their unpaid subscriptions, where some of such shareholders were not made defendants, they may, on proper application, be brought in by a supplemental summons and complaint.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 265.*]

Appeal from Special Term, New York County.

Action by Apollonia Warth against the Moore Blind Stitcher & Overseamer Company and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Edward S. Clinch (J. Brewster Roe, on the brief), for appellant.
Adam Frank, for respondents Cottal and Ludwig.
Charles L. Hoffman (Henry A. Friedman, on the brief), for respondents Schlesinger and others.

LAUGHLIN, J.  The plaintiff sues in equity in behalf of all creditors of the defendant corporation, the Moore Blind Stitcher & Overseamer Company, which was incorporated in 1906 under the business corporations law of New York (Consol. Laws, 1909, c. 4), to enforce the liability of stockholders for unpaid subscriptions to capital stock. Section 59 of the stock corporation law (Consol. Laws 1909, c. 59) requires, as a condition precedent to the enforcement of such liability when based on section 56 of the stock corporation law, that a judgment be first recovered against the corporation. The rule in equity aside from any statute is to the same effect. National Bank v. Dillingham, 147 N. Y. 603–608, 42 N. E. 338, 49 Am. St. Rep. 692. This requirement was complied with by the recovery of a judgment in favor of the plaintiff against the corporation for $7,087.50 on the 1st day of November, 1907. The plaintiff alleges that, at the time the debt upon which the action is founded was contracted, the defendants were the holders and owners of capital stock of the corporation, which had not been fully paid; and further that "the defendants above named are all the holders of capital stock of the defendant corporation, not fully paid, as aforesaid." The allegation that the defendants are all the holders of capital stock upon which the subscriptions are not fully paid was denied, and on the trial evidence was offered and received which shows that some of the defendants whose subscriptions to capital stock have not been fully paid were not served, and that other subscribers to capital stock and holders and owners of capital stock at the time the contract was made were not made parties defendant, and the court has so found. Many propositions are advanced by the learned counsel for the respondents, upon which it is claimed that the judgment may be sustained; but we are of opinion that the objection

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that all stockholders of the company who are liable under the statute have not been brought before the court is well taken, and it is therefore unnecessary to consider the other questions.

Section 10 of chapter 40 of the Laws of 1848, entitled "An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," provided that the stockholders of a corporation incorporated thereunder should be "severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section." It will be observed that this statute expressly imposed a *several* liability on the stockholders, and the statute has been so construed. Weeks v. Love, 50 N. Y. 568. When the Legislature came to enact the stock corporation law (chapter 564 of the Laws of 1890), which superseded said chapter 40 of the Laws of 1848 (Close v. Potter, 155 N. Y. 145, 149, 49 N. E. 686), it incorporated a somewhat similar provision in section 57 thereof, as follows:

"The stockholders of every stock corporation shall, jointly and severally, be personally liable to its creditors, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by the corporation, until the whole amount of its capital stock shall have been paid in, and a certificate thereof, signed, verified and acknowledged by the president and a majority of the directors, shall have been filed and recorded in the office of the clerk of the county, where the principal business office of the corporation is located."

The stock corporation law of 1890 was amended and re-enacted in 1892 (chapter 688 of the Laws of 1892), and the provision of section 57 above quoted is found in section 54 of the stock corporation law of 1892, by which it is changed to read as follows:

"The stockholders of every stock corporation shall, jointly and severally, be personally liable to its creditors, to an amount equal to the amount of the stock held by them respectively, for every debt of the corporation until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid."

It will be observed that in these provisions the Legislature in express terms imposed a joint and several liability, and the statute has been so construed by the Court of Appeals. Lang v. Lutz, 180 N. Y. 254, 73 N. E. 24. These statutory provisions, however did not relate to the *original* liability of the stockholders as subscribers, or to the transferees of stock on which the subscriptions had not been paid in full, but in effect imposed a double liability on stockholders. Even though the stock had been fully paid once, the stockholder became liable again for the face value thereof in the circumstances specified in the statute. In 1901, however, the Legislature by chapter 354 amended said section 54 of the stock corporation law of 1892, by omitting the words in the prior statute expressly imposing a *joint and several* liability, and by wholly *eliminating the double liability,* and by imposing a liability only for the *amount unpaid on the stock;* and the statute, as thus

amended, was re-enacted as section 56 of the present stock corporation law, being chapter 59 of the Consolidated Laws of 1909, as follows:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him."

In Lang v. Lutz, supra, Judge Gray, writing for the court and discussing the effect of the amendment made in 1901, which was not necessarily before the court for decision, said:

"As to all cases, which might arise thereafter, I assume that it prescribes a new rule of liability under which the remedy available to a creditor is intended to be by way of an equitable action, or proceeding; wherein all the stockholders of the corporation should be made equally and ratably responsible for the payment of the corporate debts."

That dictum has been since followed in a case affirmed by the Court of Appeals (Ford v. Chase, 118 App. Div. 605, 103 N. Y. Supp. 30, affirmed 189 N. Y. 504, 81 N. E. 1164); but it is not entirely clear from the questions certified that the point was involved in the appeal to the Court of Appeals. With all due deference to the expression of opinion by the Court of Appeals and to the decision in Ford v. Chase, supra, unless the statute in the amended form still imposes a several liability on the stockholders to particular judgment creditors of the corporation in an action at law, it creates no new liability and provides no new remedy not existing at common law; and in fact prescribes a liability and remedy less extensive and adequate than existed at common law, for at common law *any* judgment creditor had a remedy *in equity,* in common with other creditors similarly situated, to compel the application of the assets of the judgment debtor to the payment of his judgment. In Stephens v. Fox, 83 N. Y. 313, it was assumed without discussion that section 10 of the general railroad law (chapter 140 of the Laws of 1850, as amended by chapter 282 of the Laws of 1854) imposed a several liability against the stockholders in favor of each creditor of the corporation, which might be enforced in an action at law. The provisions of the statute bearing on this question were as follows:

"Each stockholder of any company formed under this act shall be individually liable to the creditors of such company, to an amount equal to the amount unpaid on the stock held by him, for all debts and liabilities of such company, until the whole amount of the capital stock so held by him shall have been paid to the company."

These statutory provisions are not distinguishable in phraseology from section 56 of the stock corporation law. The question before the court for decision in that case was whether, in an action against a stockholder, the judgment against the corporation in favor of the creditor was competent evidence to show the plaintiff's status as a creditor of the corporation, and of the amount due. The court, in holding that the judgment was competent evidence on those points, said:

"The liability of the stockholder is not created or enlarged by the statute. It rests upon his contract with the corporation, and the creditor is simply

subrogated to the claim of the corporation against its debtor, in case he avails himself of his right under the statute to pursue the stockholder as such debtor to the corporation. A payment by the stockholder to the creditor, upon a recovery by him under the statute, will discharge the stockholder pro tanto from his indebtedness to the corporation. The creditor thus claims through the corporation, and to entitle him to this statutory subrogation or transfer he need only show that he is a creditor."

In Mills v. Stewart, 41 N. Y. 384, in which two opinions for affirmance were written, and the majority of the court concurred in the affirmance, but not expressly on either opinion, Judge Grover, in writing one of the opinions construing said section 10 of the railroad act of 1850, said:

"It will aid in the determination of the real question involved, which is, when the right of the creditor against the stockholder becomes absolute, to consider whether the statute creates a new liability in favor of the creditor against such stockholder, or only furnishes a simpler and less expensive remedy to enforce a pre-existing one. Prior to the statute in question, a delinquent stockholder was liable in equity for the payment of the debts of the corporations. Mann v. Pentz, 3 N. Y. 415; Morgan v. N. Y. & Albany R. R. Co., 10 Paige, 290 [40 Ann. Dec. 244]. The remedy, it will be seen from the cases, was somewhat difficult, although the right of the creditor to enforce payment from delinquent stockholders was as perfect before as since the passage of the statute. This right of the creditor was based upon the debt owing by the stockholder to the company. and existed against all its debtors, irrespective of the consideration of the debts. It was based upon the principle that equity would aid the creditor in the collection of his debt against the property of his debtor, when his legal remedies had been exhausted without effect. It follows that there must be an existing liability to the company at the commencement of the proceedings against the stockholder. The apparent design of the statute was to give the creditor a direct action against the stockholder instead of compelling a resort to the more difficult proceedings in equity, often embarrassing as to the necessary parties defendants, and not to confer any new right upon the creditor or impose in this respect any additional liability upon the stockholder."

The contract liability on an unpaid subscription for capital stock could be enforced by the corporation the same as a liability arising on any other indebtedness to it (Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541); and there can be no doubt but that the opinion of Judge Grover, from which I have quoted, is sound, for a judgment creditor may, in the right of the corporation, enforce payment of his judgment by having collected and applied thereon any indebtedness to the corporation. This was recognized in Pfehl v. Simpson et al., 74 N. Y. 137, wherein it was held that an action by a judgment creditor in his own right under the statute would be enjoined in an action in equity brought by a creditor in behalf of all of the creditors of a corporation to enforce this liability. The same principle was recognized in Farnsworth v. Wood, 91 N. Y. 308. Under the act prior to the amendment, as under the act of 1848, to which reference has been made, the cause of action to enforce the double liability, as I have considered it, was not given to the corporation, but only to the creditors, and consequently they proceeded, not in the right of the corporation by subrogation as here, but in their own right. Stephens v. Fox, supra; Lang v. Luts, supra; Weeks v. Love, supra; Farnsworth v. Wood, supra. Unless, there-

fore, the statute as amended confers a right of action upon a judgment creditor of the corporation in his own right against a single stockholder, the subscription on whose stock has not been paid in full, subject, of course, to the action being enjoined in the interest of all creditors as already stated, it is not perceivable that it serves any useful purpose. As I view the case, however, it is not necessary to express a decided opinion on that question at this time; but it is deemed proper to make these observations to show that the question is not free from doubt.

[1] If the statute gives the plaintiff a cause of action, or remedy, in her own right against the stockholders severally, she did not see fit to pursue that remedy; but, on the contrary, elected to pursue her common-law remedy as a judgment creditor and to come into a court of equity, and in so doing she is required to conform to the practice in such cases prescribed by the decisions of the courts, which is that the action, being to enforce a limited liability, must be brought against all stockholders who are liable, to the end that they may only be compelled to contribute to the extent necessary pro rata, as well as in the interest of all creditors, to the end that they may share in the fund recovered in the same proportion. Mathez v. Neidig, 72 N. Y. 100; Hallett v. Metropolitan Messenger Co., 69 App. Div. 258, 74 N. Y. Supp. 639; Marsh v. Kaye, 168 N. Y. 196, 61 N. E. 177.

By bringing the action in equity for the benefit of all creditors, the plaintiff conforms to the decisions of the courts, by which it has been held that the remedy is in equity and necessarily so to insure the satisfaction of the claims of creditors of the corporation in the same proportion, provided the fund arising from the liability of the stockholders which is limited to the amount unpaid on their stock should be insufficient to pay the creditors in full. Lang v. Lutz, supra; Ford v. Chase, supra; Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654. See, also, Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; National Bank v. Dillingham, supra; Marsh v. Kaye, supra.

[2] The same decisions are authority for the proposition that all of the stockholders, who are liable, and the personal representatives of any who have died, should be joined as defendants to the end that, the suit being to enforce the liability of the stockholders to the corporation only so far as necessary to pay its creditors, the stockholders should not be compelled to pay more than their pro rata share of the amount necessary to accomplish that purpose, and to avoid a multiplicity of actions against the several stockholders and the confusion incident to the bringing of separate actions against them to enforce their several liability to the same creditors and also to adjust the equities between the defendants at the same time. Lang v. Lutz, supra; Ford v. Chase, supra; Marshall v. Sherman, supra. See, also, Stoddard v. Lum, supra; National Bank v. Dillingham, supra; Marsh v. Kaye, supra; Cochran et al. v. Wiechers, 119 N. Y. 399, 23 N. E. 803, 7 L. R. A. 553. There is no particular hardship in requiring that the plaintiff bring before the court all of the stockholders who are liable. Since she is required first to obtain a judgment and issue an

execution against the corporation, she may by an examination of its officers readily ascertain who are liable to it, and who its stockholders were who are liable under the statute on account of the stock not having been paid in full.

[3] If she inadvertently came into court believing that she had all parties liable before the court, she might, on discovering her mistake, on a proper application, have obtained leave to bring in the necessary parties by a supplemental summons and complaint; but she went to trial and rested her case without bringing all stockholders who were liable before the court, and therefore the court properly dismissed the complaint without, however, imposing costs.

It follows that the judgment should be affirmed, with costs.

McLAUGHLIN and DOWLING, JJ., concur.

INGRAHAM, P. J. I concur with Mr. Justice LAUGHLIN in the conclusion that, to enforce section 54 of the stock corporation law as amended by chapter 354 of the Laws of 1901, the action must be in equity, brought on behalf of all the creditors of the corporation against all the stockholders whose capital stock has not been fully paid in who are solvent, and who are within the jurisdiction of the court. I assume it would not be essential to make a defendant the owner of stock the subscription for which had not been fully paid if such a holder was insolvent, had become a bankrupt, or was not within the jurisdiction of the court. Under this provision of the statute, it would seem that the unpaid subscriptions to stock is constituted a fund for the benefit of creditors of the corporation, and that upon the corporation becoming insolvent by a proper action this fund could be so realized as to be distributed among the creditors of the corporation. But it would seem that the stockholders and subscribers to the stock would only be liable to an amount sufficient to pay the debts of the corporation, and thus all the creditors would have to be before the court, and also all the stockholders, so that a liability could be imposed which would be sufficient to pay the corporate debts.

I also think that the evidence fails to show that there is any subscription for capital stock made by these defendants unpaid. The court has found that the defendants subscribed for certain shares of the capital stock of the corporation and paid into the treasury thereof the par value of such stock, and, except as found, none of the defendants at any time were either the holders of any part of the capital stock of said defendant company, nor were any of said defendants subscribers to any of the capital stock of the said defendant company, which was unpaid. I think that finding is sustained by the evidence, and for that reason the court correctly dismissed the complaint.

I concur, therefore, in the affirmance of this judgment.

MILLER, J., concurs.