WILLIAM M. GRAEBER, Respondent, v. GEORGE M. EHRGOTT, Appellant, Impleaded with FRANK G. SWARTWOUT and Others, Defendants.

Second Department, February 15, 1918.

Corporations — stockholders — limitation of liability — enforcement of liability — Stock Corporation Law, sections 56 and 59, construed — pleading — sufficiency of complaint in action to enforce stockholder's liability — parties — demurrer — conditions precedent — defense.

The liability of stockholders under section 56 of the Stock Corporation Law is limited by the provisions of section 59 of said law.

The liability of stockholders under the statute can only be enforced by a suit in equity.

An action to enforce such liability of stockholders must be brought for the benefit of all creditors entitled to invoke the remedy, and all stockholders liable should be included as defendants.

Where it does not appear on the face of the complaint in such an action that there are other stockholders who are liable, or other creditors entitled to share in the recovery, the objection can only be taken by answer.

That a creditor's debt was payable within two years from the time it was contracted, and that action for its collection was brought within two years from the time it became due, are conditions precedent to the liability of a stockholder under the statute, and must be alleged in the complaint.

Said conditions differ from the provision of section 59 of the Stock Corporation Law that no action shall be brought against a stockholder after he shall have ceased to be a stockholder for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder. This provision is a limitation of time within which an

action can be brought and can only be taken advantage of by plea in defense.

The limitations to a stockholder's liability prescribed in section 59 of the Stock Corporation Law do not limit it with respect to the situation of the stockholder or the terms or conditions of his ownership of the stock, like provisions of section 58, but are based on a description of the debts for which he is liable. . It is for the plaintiff creditor himself to declare whether he comes within that category. On failure so to do, he fails to state a cause of action.

A creditor in an action to enforce a stockholder's liability under section 56 of the Stock Corporation Law should allege the original debt and may not rely on the allegation of a judgment obtained against the corporation.

A complaint in such an action alleging that the stock was issued without consideration should also allege that it was not fully paid at the time the action was begun.

APPEAL by the defendant, George M. Ehrgott, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of May, 1917, overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*William W. Bryan,* for the appellant.

*George H. D. Foster,* for the respondent.

BLACKMAR, J.:

The complaint construed liberally may be summarized as follows: It alleges that the Athos Realty Company is a domestic stock corporation organized in April, 1909, with a capital stock of $10,000 consisting of one hundred shares of the par value of $100 each; that on September 11, 1912, the defendants became, through transfers from the original subscribers, holders of fifty-five, and by original subscription twenty-two shares of its capital stock, upon which nothing was paid when the stock was issued; that on the 22d of October, 1913, plaintiff duly obtained judgment against the corporation for $2,050.60, and execution was issued thereon on November 3, 1913, and thereafter returned wholly unsatisfied, and that debts were contracted by the corporation, including that evidenced by plaintiff's judgment, while defendants held such stock. Does the complaint state facts sufficient to constitute a cause of action against the demurring defendant?

Section 56 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61), so far as applicable to the facts of this case, is as follows: " Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such was held by him."

The liability so prescribed is limited by the provision of section 59 of said law. That section provides, in effect, that no action shall be brought against a stockholder unless judgment has been recovered against the corporation and execution returned unsatisfied in whole or in part; that the stockholders shall not be personally liable for any debt of the corporation not payable within two years from the time it was contracted, nor unless the action for its collection shall be brought against the corporation within two years after the debt became due.

Obviously the only way in which the liability can be enforced is by a suit in equity. The stockholder is liable for all the debts of a certain class, but only to the extent of the amount unpaid on his stock. The action then must be brought for the benefit of all creditors entitled to invoke the remedy. As stockholders are entitled to contribution, to avoid circuity of action all stockholders liable should be included as defendants. (*Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Lang* v. *Lutz*, 180 id. 254; *Marshall* v. *Sherman*, 148 id. 9; *Warth* v. *Moore Blind Stitcher & Overseamer Co.*, 146 App. Div. 28; *National Bank* v. *Dillingham*, 147 N. Y. 603.) It does not appear on the face of the complaint that there are other stockholders who are liable, or other creditors entitled to share in the recovery, so objection on that score cannot be taken by demurrer, but by answer only.

We think, however, that the complaint is insufficient for failure to allege that plaintiff's debt was payable within two years from the time it was contracted, and that action for its collection was brought within two years from the time it became due. These are plainly conditions precedent to the liability of the stockholder, as much as is the recovery of the judgment against the corporation. (*Handy* v. *Draper*, 89 N. Y. 334; *United Glass Co.* v. *Vary*, 152 id. 121.) These conditions are different from the following provision of section

59, that no action shall be brought against a stockholder after he shall have ceased to be a stockholder for any debt of the corporation unless brought within two years from the time he shall have ceased to be a stockholder. This provision is a limitation of time within which an action can be brought, and, like other statutes of limitation, can only be taken advantage of by plea in defense. (*Castner* v. *Duryea,* 16 App. Div. 249.) Nor do we think that this case falls within the principle of *Rowell* v. *Janvrin* (151 N. Y. 60). That case went on the technical rule of pleading, that the pleader must negative an exception in a statute prescribing liability but not a proviso. The limitations to a stockholder's liability prescribed in section 59 do not limit it with respect to the situation of the stockholder or the terms or conditions of his ownership of the stock, like the provisions of section 58, but are based on a description of the debts for which he is liable. It is for the plaintiff creditor himself to declare whether he comes within that category. For failure so to do, he fails to state a cause of action.

We think it necessary also that the pleader should allege the original debt and may not rely on the allegation of a judgment obtained against the corporation. (*Assets Realization Co.* v. *Howard,* 211 N. Y. 430, in which *Stephens* v. *Fox,* 83 id. 313, and kindred cases are distinguished.) The complainant is not seeking to enforce an obligation due to the company, and the stockholder's liability does not necessarily follow from the existence of a debt of the company. It attaches only to debts contracted while defendant holds the stock and which are payable within two years from the time they are contracted. We think that the judgment is not conclusive on these points.

We think, also, that the complaint failed in that, although it alleges that the stock was issued without consideration, it fails to allege that it was not fully paid at the time the action was begun. It is only the holders of stock not fully paid who are liable. This does not apply to the condition when the stock was issued, but when the action is brought. (*Dyer* v. *Drucker,* 108 App. Div. 238.)

The interlocutory judgment is reversed, the demurrer sustained, and judgment dismissing the complaint directed, with

costs, with permission to plaintiff to amend his complaint within twenty days on payment of costs.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concurred.

Interlocutory judgment reversed, demurrer sustained, and judgment dismissing the complaint directed, with costs, with permission to plaintiff to amend his complaint within twenty days on payment of costs.