App. Div.]                Second Department, February, 1922.

BLACKMAR, P. J. (dissenting): The charge that there was nothing unusual in the case and that it was a very simple matter and easy to determine, placed the case before the jury in a light unfavorable to defendant. The case is unusual, in fact extraordinary, and should have been considered with the greatest care and caution. I think the verdict involving a finding that decedent agreed to pay plaintiff forty dollars a month for her life and furnish her a home was against the weight of evidence. The testimony, resting on the recollection of the witnesses, that the decedent used the words " her life " instead of " his life " is uncertain, and it seems to me inconsistent with the letters written by the plaintiff. Manning, J., concurs.

AUSTIN, NICHOLS & COMPANY, INC., Respondent, v. WILLIAM H. WASHER, Appellant, Impleaded with OCEAN AVENUE HOTEL COMPANY, INC., and Others.— Judgment reversed upon the law and facts, with costs, and the complaint dismissed, with costs. Finding of fact No. 13, and refusals to find the defendant's proposed findings of fact numbered 5, 8 and 13, are reversed. Proposed findings of fact 5, 8 and 13 are found. The so-called conclusion of law numbered 2d is reversed, and the 4th conclusion of law is reversed. As the evidence disclosed that the plaintiff was not the only creditor of the Ocean Avenue Hotel Company, Inc., it was not entitled to proceed to judgment for the benefit of the plaintiff alone. (Code Civ. Proc. § 452.) The appropriate remedy was an action in equity for the benefit of all the creditors. (*Lang* v. *Lutz*, 83 App. Div. 534; affd., 180 N. Y. 254; *Graeber* v. *Ehrgott*, 182 App. Div. 377.) Rich, Kelly, Jaycox and Manning, JJ., concur; Blackmar, P. J., votes to reverse on the ground last stated, and for a new trial.

PHILIP BERMAN, as Administrator, etc., of ABRAHAM BERMAN, Deceased, Respondent, v. WEISSBERGER MOVING & STORAGE COMPANY, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ.

BORDEN'S FARM PRODUCTS COMPANY, INC., and Others, Respondents, v. FRED J. STERBINSKY, Individually and as President of Milk Wagon Drivers Union, Local 584, etc., and Others, Defendants. ALEXANDER BLOOMFIELD, Appellant.— Order affirmed. No opinion. Rich, Kelly, Jaycox, Manning and Young, JJ., concur.

BORDEN'S FARM PRODUCTS COMPANY, INC., and Others, Respondents, v. FRED J. STERBINSKY, Individually and as President of Milk Wagon Drivers Union, Local 584, etc., and Others, Defendants. JAMES F. BRENNAN, Appellant.— Order affirmed. No opinion. Rich, Kelly, Jaycox, Manning and Young, JJ., concur.

BORDEN'S FARM PRODUCTS COMPANY, INC., and Others, Respondents, v. FRED J. STERBINSKY, Individually and as President of Milk Wagon Drivers' Union, Local 584, etc., and Others, Defendants. GUS HOCHENBERGER, Appellant.— Order affirmed. No opinion. Rich, Kelly, Jaycox, Manning and Young, JJ., concur.

BORDEN'S FARM PRODUCTS COMPANY, INC., and Others, Respondents, v. FRED J. STERBINSKY, Individually and as President of Milk Wagon Drivers' Union, Local 584, etc., and Others, Defendants. JOHN JOHL, Appellant.— Order affirmed. No opinion. Rich, Kelly, Jaycox, Manning and Young, JJ., concur.

BORDEN'S FARM PRODUCTS COMPANY, INC., and Others, Respondents, v. FRED J. STERBINSKY, Individually and as President of Milk Wagon Drivers' Union, Local 584, etc., and Others, Defendants. FRANK LO FRISCO, Appellant.— The